UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREA WILKINSON,

              Appellant,

       -v-                        1:23-CV-1035

HISTORIC PASTURES
HOMEOWNERS
ASSOCIATION, INC.,

              Appellee.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

ANDREA WILKINSON
Appellant, Pro Se
960 Sterling Ridge Drive
Rensselaer, NY 12144

NOLAN HELLER KAUFFMAN, LLP    JUSTIN A. HELLER, ESQ.
Attorneys for Appellee
80 State Street, 11th Floor
Albany, NY 12207

DAVID N. HURD
United States District Judge

---

[1] The caption also names Ace Holding, LLC as an appellee, but that entity has not participated in this appeal.

## DECISION and ORDER

## I. INTRODUCTION

This is a bankruptcy appeal brought by *pro se* appellant Andrea Wilkinson ("Wilkinson" or appellant"), the managing member of Ace Holding, LLC ("Ace Holding" or "debtor"), a chapter 11 debtor, against appellee Historic Pastures Homeowner's Association, Inc. (the "HOA" or the "appellee"), a creditor in the chapter 11 bankruptcy case below.

As relevant here, U.S. Bankruptcy Judge Robert E. Littlefield, Jr. ordered Ace Holding to reimburse the HOA for $5,944.70 in attorney's fees plus costs that the appellee incurred in connection with litigation over the question of whether the debtor had materially defaulted on a certain payment schedule in a confirmation plan previously entered by the bankruptcy court.

Wilkinson has appealed. The HOA, which sought and won the attorney's fees award below, has appeared to defend the bankruptcy court's order, which was entered on July 7, 2023.[2]

The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

---

[2] Appellant sought reconsideration of that order, which was denied on August 9, 2023.

## II. <u>LEGAL STANDARD</u>

A federal district court enjoys jurisdiction to entertain appeals from "final judgments, orders, and decrees" issued by a bankruptcy court sitting in the same judicial district. 28 U.S.C. § 158(a). "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo.*" *In re Charter Commc'n, Inc.*, 691 F.3d 476, 482–83 (2d Cir. 2012).

## III. <u>DISCUSSION</u>

Briefly stated, the salient facts are as follows. Ace Holding is a domestic limited liability company registered in New York. The LLC filed a chapter 11 bankruptcy case. Thereafter, the HOA filed a proof of claim in that case asserting its rights as one of Ace Holding's creditors. The parties tried to resolve the HOA's claim without litigation but were unable to do so.

The HOA then moved the bankruptcy court for relief. With that motion hanging over its head, Ace Holding came back to the table: the HOA and Ace Holding agreed to a schedule of sixty monthly payments in satisfaction of the HOA's claim as creditor. The parties hammered out a written agreement to that effect and presented it to the bankruptcy court.

On October 12, 2022, the bankruptcy court signed off on that plan. The first payment was due on November 1, 2022. That date came and went. But Ace Holding did not pay. So the HOA issued a notice of default and gave Ace

Holding a deadline of November 15, 2022 to cure the default.  A few days before that deadline, Wilkinson, on behalf of Ace Holding, wrote out a check for the overdue payment.

But the HOA returned the written check.  As the HOA explained in a letter, the parties' agreement was explicit: each payment must be made <u>electronically</u> and, in the event of a default, must include a certain amount as a <u>late fee</u>.  Ace Holding pushed back and tried to force the HOA to accept the written check without any late fee.  But the HOA stood its ground.  It decided to exercise its rights in the event of an uncured default: the HOA demanded the total payment in full.

The U.S. Trustee got involved.  As part of an effort to keep Ace Holding's confirmation plan from falling apart, the Trustee moved the bankruptcy court to compel the HOA to accept the written check.  But the HOA held fast.  So the interested parties—including Wilkinson—briefed the payment dispute.

The bankruptcy court held a hearing and then sided with the HOA.  Judge Littlefield concluded that the parties' agreement was explicit about how the monthly payments were to be made: <u>electronically</u>.  So the bankruptcy court granted partial relief to the HOA and awarded the attorneys some fees for their trouble.  The fee award totaled $5,944.70 plus $188.00 in costs, and was to be paid in eight equal monthly payments.  The award was entered on July

7, 2023. Wilkinson moved for reconsideration. Ace Holding joined. But the bankruptcy court denied reconsideration on August 9, 2023.

Thereafter, Wilkinson—<u>not</u> Ace Holding—took this appeal from the July 7 and August 9 orders. The appeal was opened in this Court on August 23, 2023. Dkt. No. 1. But it was conditionally dismissed on September 28, 2023, because Wilkinson had failed to perfect it. Dkt. No. 5. She sought, Dkt. No. 6, and received, Dkt. No. 7, a generous extension of time in which to file her papers. She has done so.[3] Dkt. No. 8. The HOA has opposed. Dkt. No. 9.

Upon review of those papers, this appeal must be dismissed. First off, Wilkinson does not have standing to take this appeal. "To have standing to appeal from a bankruptcy court ruling, the Second Circuit has required that an appellant be a "person aggrieved." *Kane v. Johns-Mansville Corp.*, 843 F.2d 636, 642 (2d Cir. 1988). A "person aggrieved" is someone who has been "directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re DBSD N. Am., Inc.*, 634 F.3d 79, 89 (2d Cir. 2011).

Importantly, however, this standing requirement is more demanding than the ordinary injury-in-fact requirement imposed by Article III. As the Circuit has explained, "courts have recognized the need to limit appellate standing for bankruptcy litigation to prevent potential endless appeals brought by

---

[3] The deadline in which to reply expired without a timely filing from appellant.

parties indirectly affected by every bankruptcy order." *In re 22 Fiske Place, LLC*, 2023 WL 4279190, at *3 (2d Cir. June 20, 2023) (summary order).

Wilkinson does not qualify as a "person aggrieved." The fee award was not entered against her. It was entered against Ace Holding, the actual debtor in the bankruptcy case below. Under New York law, members of an LLC do not have an interest in the LLC's property. N.Y. LTD. LIAB. CO. LAW § 601. And without a direct interest, Wilkinson does not qualify as a "person aggrieved" by the bankruptcy court's fee award.

Importantly, this conclusion holds true even if, as appears to be the case, Wilkinson is the *sole* member of Ace Holding. Indeed, the Second Circuit has rejected bankruptcy appellate standing to an LLC's principal on that exact fact pattern. *In re 22 Fiske Place, LLC*, 2023 WL 4278189, at *3 (concluding appellant lacked standing to appeal from bankruptcy court fee order entered against debtor-LLC of which he was the sole member).[4]

Second, and relatedly, the fee award does not appear to have been a "final" order for appealability purposes under 28 U.S.C. § 158(a)(1). A bankruptcy court's order is only "final" if it "finally dispose[s] of discrete disputes within the larger case." *Shimer v. Fugazy*, 982 F.2d 769, 775 (2d Cir. 1992). But in

---

[4] To the extent that Wilkinson might be trying to litigate this appeal on behalf of Ace Holding, she cannot do so: a non-lawyer cannot represent an LLC in federal court. Besides, Ace Holding is already represented by its own counsel, who has not participated here.

- 6 -

this context, a "final" disposition of a discrete "dispute" means "at least an entire claim on which relief may be granted." *Shimer*, 982 F.2d at 775–76.

As the HOA explains, the bankruptcy court's fee award does not meet this standard. The award was entered in connection with proceedings that took place because the debtor had materially defaulted on payment terms in the confirmation plan. Although the HOA acknowledges that the bankruptcy court soon thereafter entered an order granting its motion for relief from the stay (which would have been appealable), the HOA points out that Wilkinson has not actually appealed from *that* particular order. *See* Dkt. No. 266 in 20-11390 (Bankr. N.D.N.Y.) dated 8/18/23.

Third, even putting aside the standing problem and finality question, a review of the briefing in light of the underlying order compels the conclusion that the bankruptcy court reached perfectly reasonable, legally supportable conclusions in the matters below.

This includes the bankruptcy court's decision to side with the HOA on the question of whether Ace Holding had materially defaulted under the terms of the parties' agreement in the confirmation plan. And it certainly includes the bankruptcy court's decision to award reasonable attorney's fees to the HOA after the debtor materially defaulted.

After all, the HOA was forced to litigate that issue after Ace Holding failed to make the <u>very first agreed-upon payment</u> and then balked when the HOA

insisted that the payment conform with the terms they had just negotiated. Courts routinely award fees to a party forced to litigate in order to protect its rights. In short, there is simply nothing in this record to suggest that the bankruptcy court committed any error, legal or otherwise.

## IV. CONCLUSION

Appellant certainly lacks standing. And the fee award is probably non-final. But even if those jurisdictional hurdles could be surmounted, the bankruptcy court's order is eminently reasonable and legally appropriate and so it must be affirmed on the merits.

Therefore, it is

ORDERED that

1. The Bankruptcy Court's Order is AFFIRMED; and

2. Appellant Wilkinson's appeal is DISMISSED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: March 14, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge